## PAYNE, Director General of Railroads, et al. v. SHEARER.

(Circuit Court of Appeals, Fifth Circuit. February 10, 1921.)

### No. 3632.

**Carriers** ⊕⟼238—**Person entering sleeping car only to use lavatory is not a "passenger" of sleeping car company.**

A passenger in an ordinary coach, who entered a lavatory in a sleeping car with the conductor's consent solely for the purpose of using the lavatory, did not become thereby a passenger of the sleeping car company, since she was not seeking transportation in the sleeping car.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Passenger.]

In Error to the District Court of the United States for the Southern District of Mississippi; Edwin R. Holmes, Judge.

Action by Mrs. Minnie Lee Davis Shearer against John Barton Payne, Director General of Railroads, and another. Judgment for plaintiff, and defendant Payne brings error. Reversed and remanded for new trial.

Robert H. Thompson and J. Harvey Thompson, both of Jackson, Miss., and A. S. Bozeman, of Meridian, Miss., for plaintiff in error.

Gabe Jacobson and Harden H. Brooks, both of Meridian, Miss (William B. Lucas, of Macon, Miss., on the brief), for defendant in error.

Before WALKER, BRYAN, and KING, Circuit Judges.

BRYAN, Circuit Judge. Defendant in error (herein called plaintiff) recovered judgment against plaintiff in error as Director General of Railroads (herein called defendant), operating the Pullman Company, for $5,000, in an action for damages arising out of the alleged conduct of a porter of the Pullman Company.

Plaintiff, a lady passenger on a train of the Pennsylvania Railroad, was traveling in an ordinary passenger coach from St. Louis, Mo., to Columbus, Ohio. The train included a dining car and a sleeping car of the Pullman Company. Plaintiff and two lady companions applied to the sleeping car conductor, who was at the time in the dining car, for permission to enter the sleeping car and make use of the dressing room and lavatory facilities therein, and offered to pay for the privilege.

Testimony on behalf of the plaintiff was to the effect that the sleeping car conductor granted the permission desired, but declined to accept anything in payment for use of the dressing room; that thereupon plaintiff and her companions proceeded into the said dressing room; that while there the sleeping car porter, in a rude and insulting manner, ordered them to leave; that a member of plaintiff's party told the porter to get out of the dressing room, and stated to him that they were there by permission of the conductor, and that, if he did not leave them alone, they would send for their husbands; and that the

⊕⟼For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

porter replied, in substance: "Send your damn husbands back. I would like to see them, and will settle with them." Plaintiff testified that her health was greatly impaired as a result of the porter's conduct. The testimony for defendant was in direct contradiction of that for plaintiff.

At the close of all the evidence the defendant moved for a directed verdict in his favor, on the ground that it affirmatively appeared that plaintiff was not a passenger of the Pullman Company. The trial court denied this motion, and instructed the jury that, if they believed plaintiff's evidence, that would constitute her a passenger, and entitle her to the care due to a passenger. Defendant assigns error upon the denial of his motion for a directed verdict, and also upon the overruling of his exception to the court's charge submitting to the jury the question of whether plaintiff became a passenger.

The duty which the defendant owed to a licensee or a trespasser was not, and is neither alleged nor claimed to have been, violated. Unless plaintiff was a passenger, she has no case.

While the question whether, as a matter of law, the relation of carrier and passenger exists, is often a difficult one, and in many cases is one of mixed law and fact, nevertheless such relation does not exist, if neither party intended to create it. Sleeping car companies are engaged in the business of transportation of passengers. The dressing rooms, lavatories, and other conveniences and facilities contained in the cars which they furnish are incidental to their business of transportation, and are provided exclusively for the use of those who become their passengers. One who enters a sleeping car for the sole purpose of making use of these conveniences and facilities does not thereby become a passenger. Plaintiff and her companions were not seeking passage or transportation; they did not enter the sleeping car with the intention of riding from one station to another, or for any particular length of time, or for the purpose of riding at all. The use of the dressing room was the principal thing with them, and riding in the sleeping car was a mere incident. It would have suited their purpose just as well if the train had been standing still at a station.

The plaintiff was not in a situation similar to one who without a ticket enters a sleeping car intending to pay if required to do so. She had obtained the consent of the conductor before she entered the car, and, according to her own testimony, she did not enter with the intention of paying for the privilege of riding in the sleeping car, or for that purpose. We are of opinion, therefore, that the trial court erred in refusing to direct a verdict in favor of defendant. The cases of Williams v. Pullman Palace Car Co., 40 La. Ann. 87, 3 South. 631, 8 Am. St. Rep. 512, and Cassedy v. Pullman Palace-Car Co. (Miss.) 17 South. 373, cited by counsel for defendant, sustain this view.

The other assignments of error need not be considered.

The judgment is reversed, and the cause remanded for a new trial.